IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BYRON RAMON STEWART,

                           Petitioner,

    v.                                                   OPINION and ORDER

GARY BOUGHTON,                                     18-cv-185-jdp

                           Respondent.

---

Petitioner Byron Stewart is in the custody of the Wisconsin Secure Program Facility. Stewart has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2008 Wisconsin conviction. Dkt. 1. The next step is for me to review the petition under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under 28 U.S.C. § 2244, persons challenging state convictions have a time limit of one year to file a petition for federal habeas relief. The one-year clock starts as soon as the state conviction becomes final, and it is paused only while the petitioner has a pending state claim for postconviction relief. Stewart filed his petition after the one-year period had expired. But before dismissing the petition, I will afford Stewart a last opportunity to demonstrate that he is entitled to equitable tolling, or to an equitable exception due to actual innocence.

Stewart also requests the assistance of counsel. Dkt. 4. Because Stewart's habeas petition is likely untimely, I will also deny his request for counsel.

BACKGROUND

I draw the following facts from the petition and publicly available court documents.[1]

Stewart was convicted of first-degree intentional homicide, as party to a crime, on April 15, 2008. Stewart's codefendant, Thomas Conner, testified against him at trial. After Stewart's conviction, the State dismissed its homicide charge against Conner.

Stewart was appointed appellate counsel. Before filing his direct appeal, Stewart's lawyer filed a postconviction motion under Wis. Stat. § 974.02, contending that Stewart was entitled to a new trial because (1) the State failed to disclose exculpatory evidence of an agreement that the State made with Conner in exchange for his testimony; and (2) the dismissal of Conner's charges was newly discovered evidence that established a reasonable probability of a different result at trial.[2] The circuit court denied the motion. The Wisconsin Court of Appeals affirmed the denial of the § 974.02 motion and affirmed Stewart's conviction. The Wisconsin Supreme Court denied Stewart's petition for review on March 15, 2011.

On June 12, 2012, Stewart filed a pro se petition for habeas relief under *State v. Knight*, 168 Wis.2d 509, 484 N.W.2d 540 (1992), alleging ineffective assistance of appellate counsel. The *Knight* petition was denied, and the court of appeals affirmed the denial. The Wisconsin Supreme Court denied Stewart's petition for review on September 17, 2013.

---

[1] The procedural history of Stewart's direct appeal and his two state postconviction proceedings is available at the Wisconsin Supreme Court and Court of Appeals Case Access database, available at http://wscca.wicourts.gov.

[2] Although called a motion for "postconviction relief," motions filed under Wis. Stat. § 974.02 are filed prior to direct appeal. For the purposes of federal habeas relief, § 974.02 motions are considered part of Wisconsin's direct appeal process. *See e.g. Nash v. Hepp*, 740 F.3d 1075, 1079 (7th Cir. 2014).

On May 7, 2013, while his *Knight* petition was still pending, Stewart filed a pro se motion for postconviction relief under Wis. Stat. § 974.06, contending that his counsel was ineffective for failing to raise claims of ineffective assistance of trial counsel in the § 974.02 motion. The petition was denied, and the court of appeals affirmed the denial. The Wisconsin Supreme Court denied Stewart's petition for review on January 8, 2018. On January 31, 2018, Stewart filed a motion for reconsideration, which the court dismissed the same day.

Stewart next filed this § 2254 petition for federal habeas relief. His petition includes a returned envelope, showing that he first mailed the petition on February 20, 2018, but that it was marked return to sender. Dkt. 1-3. The petition itself states that it was signed and executed on February 7, 2018.

ANALYSIS

A. **Timeliness**

Stewart's petition appears to be untimely. Under 28 U.S.C. § 2244(d), a petitioner has one year to petition a federal court for a writ of habeas corpus. The one-year limitations period begins to run from the latest of: (1) the date on which judgment in the state case becomes final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any impediment to filing an application created by state action in violation of the United States Constitution or federal law is removed; (3) the date on which the constitutional right asserted is first recognized by the Supreme Court, if that right is also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could be discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Stewart does not contend that the State prevented him from filing his habeas petition, and his petition does not rely on a newly recognized right or facts that were unavailable at the time that his state judgment became final. So the one-year period of limitation began to run on June 14, 2011, when Stewart's state judgment became final. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir.2002) (judgment becomes final 90 days after the state court's final decision, when the period of time to petition the United States Supreme Court for certiorari expires).

Stewart filed his first motion for state postconviction relief on June 12, 2012, two days before the one-year period expired. When Stewart filed his motion, it stopped the clock. *See* 28 U.S.C. § 2244(d)(2) (time during which a properly filed application for state postconviction relief is pending does not count towards any period of limitation). However, it did not reset the clock. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). The clock was paused with only two days left and it remained paused so long as Stewart had a properly filed state petition pending.

The clock started running again after January 8, 2018. On that date, the Wisconsin Supreme Court denied Stewart's petition for review of his § 974.06 motion, and Stewart no longer had a pending application for state relief. Although Stewart filed a motion for reconsideration on January 31, that motion does not mean that his application was still pending. Whether a state application for postconviction relief is pending is governed by state law. *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (citing *Wilson v. Battles*, 302 F.3d 745 (7th Cir. 2002). Wisconsin law does not allow a party to seek reconsideration of the Wisconsin Supreme Court's denial of a petition for review. *Archdiocese of Milwaukee v. City of Milwaukee*, 91 Wis. 2d 625, 284 N.W.2d 29, 30 (1979). So Stewart's § 974.06 motion was final when the

4

Wisconsin Supreme Court denied his petition, and was no longer pending while Stewart prepared to file a procedurally improper motion for reconsideration.[3] *See Hanson v. Haines*, No. 13-cv-0896, 2014 WL 4792648, at *2 (E.D. Wis. Sept. 25, 2014) (habeas period of limitations not tolled by motion for reconsideration of denial of petition for review); *Clincy v. Pollard*, No. 18-cv-1092, 2018 WL 3819049, at *3 (E.D. Wis. Aug. 10, 2018) (same). The one-year clock continued running on January 9 and it expired two days later.

The deadline for Stewart to file his petition for federal habeas relief was January 11, 2018. Stewart filed his petition 41 days later on February 20, 2018. He signed the petition earlier, on February 7, but that does not make his petition timely. Even if I assume that he attempted to mail his petition on February 7, and that the petition was lost in the prison mail system for two weeks, Stewart still missed the deadline by 27 days.

However, there are two ways that Stewart may be able to overcome the untimeliness. First, Stewart may proceed if he can show that that he is entitled to equitable tolling. To receive equitable tolling, Stewart must show that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Incarceration, and even placement in administrative confinement, do not by themselves constitute an extraordinary circumstance, but when combined with other factors they may entitle the petitioner to equitable tolling. *See Socha v. Boughton*, 763 F.3d 674, 684–87 (7th Cir. 2014) (administrative confinement, along with limited access to the law library and the failure of former counsel to hand over the case file,

---

[3] However, even if the period of limitations was tolled by the motion for reconsideration, the deadline to file would have been February 2, 2018, and Stewart's petition would still be untimely.

was an extraordinary circumstance warranting equitable tolling). From the record, it appears that Stewart has been diligently pursuing his rights in recent years, but Stewart should explain the almost one-year delay prior to filing his first state petition for relief.

Second, Stewart may proceed if he can show that he is entitled to an equitable exception based on a claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). To qualify for this narrow exception, Stewart must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). To be "new," the evidence does not need to be "newly discovered," but it must not have been presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015).

If Stewart claims actual innocence, his burden of proof is high—higher than the standard for the newly discovered evidence claim that Stewart made on direct appeal in state court. *See State v. Plude*, 2008 WI 58, ¶ 32, 310 Wis. 2d 28, 750 N.W.2d 42 (Wisconsin claim for newly discovered evidence requires a "reasonable probability . . . that had the jury heard the newly-discovered evidence, it would have had a reasonable doubt as to the defendant's guilt"). Here, Stewart must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup*, 513 U.S. at 327).

I will give Stewart a short time to respond to this order and show that: (1) he qualifies for equitable tolling; or (2) I should excuse him from the one-year limitations period because he is actually innocent. If he fails to adequately respond, I will dismiss his petition.

6

## B. Assistance of counsel

Stewart also requests the assistance of counsel. Dkt. 4. I may appoint counsel for a habeas petitioner if "the interests of justice so require" and the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). When deciding whether to appoint counsel, I consider three factors: (1) whether the petitioner "could obtain justice without an attorney" given the complexity of the case and the petitioner's ability; (2) whether the petitioner "could not obtain a lawyer on [his] own"; and (3) whether the petitioner would have "a reasonable chance of winning with a lawyer at [his] side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997)); *see also Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000).

At this point, I am not persuaded that appointing counsel for Stewart serves the interests of justice. Right now, Stewart needs to show that he is entitled to equitable relief from the one-year period of limitations. Based on Stewart's filings thus far, and his long history of pro se filings in state court, Stewart should be able to respond to this order without the aid of counsel. His request for counsel will therefore be denied without prejudice to him raising it again if he is able to overcome his untimeliness.

ORDER

IT IS ORDERED that:

1. Petitioner Byron Stewart may have until November 1, 2018, to file a response demonstrating that he is entitled to equitable tolling or an equitable exception based on a claim of actual innocence.

2. If petitioner fails to timely respond, or if his response does not demonstrate that he is entitled to equitable tolling or an equitable exception based on a claim of actual innocence, the court will dismiss his petition.

3. Petitioner's motion for appointment of counsel, Dkt. 4, is DENIED without prejudice.

Entered October 12, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge